**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

**PATRICIA WENTWORTH,**

     **Plaintiff,**                      **CASE NO.**

**v.**

**DOLLAR GENERAL CORPORATION,**

     **Defendant.**

_____/

## COMPLAINT

Plaintiff, PATRICIA WENTWORTH, hereby sues Defendant, DOLLAR GENERAL CORPORATION, and alleges:

## NATURE OF THE ACTION

1.  This is an action brought under 42 U.S.C. §2000e et seq., and as amended, including but not limited to the Pregnancy Discrimination Act.   This action is also brought under the Fair Labor Standards Act (hereinafter FLSA), 29 U.S.C. §§ 201, et seq.

2.  This is an action involving claims which are, individually, in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest.

## THE PARTIES

3.  At all times pertinent hereto, Plaintiff, PATRICIA WENTWORTH, has been a resident of the State of Georgia and was employed by Defendant.  Plaintiff is a member of a protected class due to her gender, female and the fact that she reported discrimination adversely affecting her and she was the victim of retaliation thereafter.

4.  At all times pertinent hereto, Defendant, DOLLAR GENERAL CORPORATION, has been conducting business in the State of Georgia and more particularly, in the City of Lyons,

Toombs County, Georgia.   At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

5.      Plaintiff has satisfied all conditions precedent to bringing this action in that she filed a charge of discrimination with the Equal Employment Opportunity Commission, as authorized.   She has further received her Right to Sue letter. This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff was employed by Defendant. At the time of her wrongful firing, she was almost eight months pregnant. During the course of her employment, and particularly pertinent to the period, she was pregnant, she was treated differently and less favorably, subjected to a hostile work environment, and subjected to different and less favorable terms and conditions. That includes the differential enforcement of rules, the cutting of her hours, and her eventual firing on pretextual grounds.   Defendant started to micromanage Plaintiff as she got close to the end of her pregnancy, criticize her like it had never done before, and falsely accuse her of violating policies. Just before she was fired, a loss prevention employee forced her to write a statement saying that, at some point in the past, she consumed a product within the store and then paid for it later in the day.   Defendant claimed this was a violation of policy. But this was a common practice within the store. In other words, Defendant was now attempting to enforce the policy in a way it had never done before, and specifically toward Plaintiff, was on the verge of giving birth. In fact, Plaintiff had been told by management on the day this occurred that she did not need to worry about paying for it before she ate. Even so, the loss prevention manager harassed her, and pressured her to sign a statement, and then ordered her to falsely write "at my own free will I give this statement" and

2

"I wasn't promised anything or threatened," both of which were statements Plaintiff would not have even conceived of but for pressure and orders from the loss prevention manager. Plaintiff was also ordered to include a statement that she had also worked off the clock in the past.   But rather than compensate Plaintiff for wage and hour violations by the company, Defendant then immediately fired Plaintiff for writing the statement.   Plaintiff complained about the way she was being treated, to no avail.

7.      As a result of these disclosures, and her opposition to unlawful treatment, Plaintiff was the subject of disparate treatment based on her gender, female, her pregnancy, and her voiced opposition to unlawful employment practices.

8.      Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services.   Defendant should be made to pay said fee under 42 U.S.C. §2000e et seq., as amended.

## COUNT I

## GENDER/PREGNANCY DISCRIMINATION

9.      Paragraphs 1-8 are realleged and incorporated herein by reference.

10.     This is an action against Defendant for gender and pregnancy discrimination.

11.     Defendant has taken action and allowed action to be taken against Plaintiff because she is female and was pregnant.   During Plaintiff's employment with Defendant, she was the victim of harassment and disparate treatment based on gender/pregnancy with no action taken by Defendant to prevent or otherwise correct a known problem.   Then after notice of gender/pregnancy harassment and other forms of discrimination described more fully herein,

Defendant delayed in taking action and caused additional harassment and harm to Plaintiff including without limitation her termination.

12.     Defendant knew or should have known of the gender/pregnancy-based discrimination perpetuated against Plaintiff and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   The events set forth herein lead, at least in part, to Plaintiff's termination.

13.     Defendant knowingly condoned and ratified the discrimination set forth above.

14.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

15.     Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon gender/pregnancy in violation of the state and federal laws applicable to this action.

16.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past and are continuing.

17.     Plaintiff is entitled to punitive damages.

## COUNT II

### RETALIATION

18.     Paragraphs 1-8 are hereby realleged and reincorporated as if set forth in full herein.

4

19.     Defendant is an employer as that term is used under the applicable statutes referenced above.

20.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under 42 U.S.C § 2000e *et seq*., and as amended.

21.     The foregoing unlawful actions by Defendant were purposeful.

22.     Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above. The events set forth herein lead, at least in part, to Plaintiff's termination.

23.     Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

24.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.   These damages are continuing.

25.     Plaintiff is entitled to punitive damages.

### COUNT III
### FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201, ET SEQ.
### UNPAID WAGES/OVERTIME

26.     Plaintiffs reallege paragraphs 1 through 8.

27.     Plaintiff worked as an employee for Defendant.

28.     Plaintiff was a highly dedicated employee during Plaintiff's tenure with Defendant.

29.     Plaintiff fulfilled all the duties and functions of Plaintiff's position with Defendant and, at all times pertinent hereto, was qualified for the position Plaintiff held with Defendant.

30.     Plaintiff's dedication was rewarded by the failure of Defendant to pay Plaintiff for hours worked.   On one or more occasions, Plaintiff was ordered to work off the clock by Defendant.   In fact, defendant and its management had actual knowledge that Plaintiff had worked off the clock, and failed to pay her, because its loss prevention manager, just before firing Plaintiff, acknowledged his awareness that Plaintiff had worked hours for Defendant that were not properly compensated.

31.     Plaintiff suffered loss of wages as a consequence.

32.     Defendant has ratified the unlawful conduct of its supervisors and managers in failing to properly pay Plaintiff wages for hours worked and for overtime.

33.     Defendant failed to have effective policies and procedures in place to prevent and correct the wrongs stated herein.

34.     Plaintiff had to retain counsel and owe a reasonable attorney fee to vindicate Plaintiff's rights in this matter.   Defendant should be made to pay said fee and any associated costs. he foregoing actions of Defendant constitute violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*

35.     Defendant was - and is - required to pay Plaintiff compensation at no less than a federally-established minimum wage for each hour worked, plus overtime compensation at one and one-half times Plaintiff's regular hourly wage for any hours worked in excess of forty (40)

hours, pursuant to 29 U.S.C. § 207(a)(1).   Defendant is further required to compensate Plaintiffs for hours worked off the clock.

36.     Defendant failed to pay Plaintiff a wage of at least the federal minimum wage for each hour worked, plus overtime compensation, plus hours worked off the clock pursuant to the FLSA.

37.     Defendant's actions were willful and not in good faith.

38.     Defendant is liable to Plaintiff for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b).

39.     Defendant is responsible for Plaintiff's attorney fees and costs under the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein, including back pay, front pay, and compensation for lost benefits, as well as liquidated damages and punitive damage;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of federal law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement to the same or a substantially similar position.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 29th day of June 2021.

Respectfully submitted,

/s/   Marie A. Mattox
Jim Garrity [GBN: 121837]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:   (850) 383-4800
Facsimile:    (850) 383-4801
ATTORNEYS FOR PLAINTIFF